In re Rafail THEOKARY, Debtor.

Rafail Theokary, Plaintiff,

v.

Eric Abbatiello, et al., Defendants.

Bankruptcy No. 07–11008ELF.
Adversary No. 09–051.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 18, 2011.

Rafail Theokary, pro se.

Jeffrey R. Pocaro, Fanwood, NJ, for Defendants.

### *ORDER*

ERIC L. FRANK, Bankruptcy Judge.

**AND NOW,** following the conclusion of the liability phase of the trial in the above adversary proceeding, the court having entered an Opinion and Order on February 14, 2011 (Doc. #'s 175, 176);

**AND,** the Plaintiff having filed a Motion to Amend or Alter Opinion and Order on March 1, 2011 (Doc. # 179), as amended on March 3, 2011 (Doc. # 181) ("the Plaintiff's Motion");

**AND,** on March 16, 2011, Defendants Abbatiello and Shay having tiled a Cross–Motion to Alter or Amend Judgment (Doc. # 185), as amended on March 17, 2011 (Doc. # 186) ("the Defendants' Cross–Motion");

**AND,** a hearing on the Plaintiffs Motion and the Defendants' Cross–Motion having been held and concluded on April 6, 2011;

\* \* \* \*

■ **AND,** the purpose of a motion for reconsideration being to correct manifest errors of law or fact or to present newly discovered evidence. *E.g., Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986);

■ **AND,** it being accepted legal principles that such motions are not designed to allow a party to simply change theories, try again, thus giving them "a second bite at the apple," *e.g., Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir.1995), and that "courts should grant such motions sparingly," *In re Kuhar,* 2007 WL 2245912, \*2 (Bankr.E.D.Pa. Aug. 1, 2007) (citations omitted);

\* \* \* \*

■ **AND,** the court concluding that Defendants' Cross–Motion lacks merit because it fails to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of

law; or (c) any newly discovered evidence;[1]

\* \* \* \*

**AND,** in connection with the Plaintiff's Motion, the Defendants agreeing that certain factual findings set forth in the court's Opinion should be modified;

█ **AND,** except as to those factual findings in the court's Opinion that the parties agree should be modified, the court concluding that the Plaintiffs Motion lacks merit because it fails to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law; or (c) any newly discovered evidence;

\* \* \* \*

It is therefore **ORDERED** that:

1. The Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART.**

2. The Defendants' Cross Motion is **DENIED.**

3. The court's Findings of Fact set forth in the court's Opinion dated February 14, 2011 are **MODIFIED** as follows:

a. The last sentence of the third Paragraph of **Part I. of the Opinion is DELETED AND REPLACED BY:** "*The Debtor then made only partial payment of his obligations to Shay, Abbatiello, Showplace and Gateway.*"

b. The third sentence of footnote 10 to **Finding of Fact No. 11 is DELETED AND REPLACED BY:** "*There was testimony at trial that an individual named William Carter, acting on the Debtor's behalf, took the* horses from the stables 'in the middle of the night' and, in doing so, also took a horse that belonged to Abbatiello's father.*"

c. The second sentence of the third paragraph of footnote 11 to **Finding of Fact No. 15** and the citation to footnote 10 that immediately follows are **DELETED.**

d. The second and third sentences of **Finding of Fact No. 36 are DELETED AND REPLACED BY:** "*Shay was present at the sale. Shay bid $100.00 for each horse.*"

e. The first sentence of **Finding of Fact No. 51 is DELETED AND REPLACED BY:** *By two orders nunc pro tunc dated May 8, 2007, the New Jersey Superior Court approved the stableman's lien sales of February 18, 2007.*

f. The second sentence of the second paragraph of **Part V.A.3 of the Opinion is DELETED AND REPLACED BY:** "*The record reflects, however, that the Debtor had unpaid bills owing to Shay and Abbatiello and that after their respective statutory liens attached to the Horses, McCord Farms transferred the Horses to Highland.*"

4. In all other respects, the Plaintiff's Motion is **DENIED.**

---

**1.** The Plaintiff also argued chat the Defendants' Cross Motion was not timely. I find it unnecessary to determine that issue.